UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK A. SCHWANER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 07-2350 (EGS) |
| ) | |
| UNITED STATES COAST GUARD, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant answers the complaint of plaintiff Jack A. Schwaner as follows:[1]

1. Defendant lacks sufficient information to admit or deny that plaintiff is a resident of Newport News, Virginia.

2. Defendant admits that plaintiff brings this action pursuant to the Freedom of Information Act ("FOIA") to obtain the "non-deployable student names and Military addresses" of individuals stationed at the United States Coast Guard's Reserve Training Center in Yorktown, Virginia. Defendant further admits that it has withheld such information from plaintiff because the information is exempt from disclosure pursuant to, *inter alia*, 5 U.S.C. § 552(b)(6) and because plaintiff did not acknowledge that he would pay the production costs for the responsive documents.

3. The third paragraph of the complaint contains a conclusion of law to which no answer is required.

---

[1] Plaintiff's complaint does not contain numbered paragraphs. For the Court's convenience, Defendant has added numbers to its responses in this answer.

4.       The fourth paragraph of the complaint contains a conclusion of law to which no answer is required.

## ARGUMENT

5.       The fifth paragraph purports to describe the case captioned, <u>Hopkins v. Department of the Navy</u>, 1985 WL 17673 (D.D.C. Feb. 5, 1985). No response to this paragraph is required.

6.       The sixth paragraph purports to describe the case captioned, <u>Schwaner v. Department of the [Air Force]</u>, 898 F.2d 793 (D.C. Cir. 1990). No response to this paragraph is required.

7.       Defendant admits that the Attorney General issued a Memorandum regarding FOIA on October 12, 2001, but denies the remaining allegations in this paragraph.

8.       The eighth paragraph purports to describe the Supreme Court's opinion in <u>United States Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749 (1989). No response to this paragraph is necessary.

## EXHIBITS

9.       This section of the complaint identifies the exhibits that plaintiff attached to his complaint. No response to this section is required, except that defendant admits plaintiff attached the specified exhibits to the complaint.

## CONCLUSION

10.       This paragraph contains a legal argument, to which no response is required.

## FIRST DEFENSE

The information sought by plaintiff was properly withheld from disclosure pursuant to 5 U.S.C. § 552(b)(2).

## SECOND DEFENSE

The information sought by plaintiff was properly withheld from disclosure pursuant to 5 U.S.C. § 552(b)(6).

## THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

Having fully answered the complaint, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-5319

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2008 I served plaintiff with Defendant's Answer by mailing it to the following address:

Jack A. Schwaner
1 Great Oak Cir., Apt. B-44
Newport News, VA 23606

/s/ Harry B. Roback
Harry B. Roback